Joseph Floyd **LABIT**, Appellant,

v.

The **CAREY SALT COMPANY**,
Appellee.

No. 26188.

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1970.

J. Minos Simon, Lafayette, La., for appellant.

Jack C. Caldwell, Aycock, Horne, Caldwell & Coleman, Franklin, La., for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM:

Joseph Floyd Labit was employed by the Carey Salt Company to load vessels with bulk salt. The salt is loaded into the vessels by means of a conveyor belt system housed in a structure extending from the land onto navigable waters. Labit was injured when his right hand and arm became entangled in the conveyor belt. Labit alleged coverage as a longshoreman under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.; as a seaman under the Jones Act, 46 U.S.C.A. § 688; as an employee injured upon navigable waters of the United States under La.Civ. Code art. 2315; and finally as a workman under the Louisiana Workmen's Compensation Act, La.Civ.Code art. 23:1021 et seq. The trial court granted summary judgment on the Longshoremen's Act, the Jones Act, and the navigable waters claims based upon its finding from the pleadings, affidavits, and exhibits that the accident did not occur "upon navigable waters of the United States" and that the plaintiff was not a seaman. The trial court further dismissed the state workmen's compensation claim for lack of diversity jurisdiction. Labit appeals, claiming that the accident did occur on navigable waters and further that he is a seaman within the meaning of the Jones Act. We find both contentions without merit and affirm the decision of the district court.

It is undisputed that Labit was injured while working on the conveyor belt. The affidavits, photographs, and surface diagram before us show the topography and geodetics of this structure. It is beyond question that the conveyor is permanently fixed to the shore and firmly anchored to the bottom of the waterway by pile clusters. This alone is sufficient to defeat the plain-

tiff's claim under the Longshoremen's Act. Section 3(a) of the Act, 33 U.S.C. A. § 903(a), limits its applicability to death or injuries "occurring upon the navigable waters of the United States." The Supreme Court has recently interpreted this language in Nacirema Operating Co., Inc. v. Johnson, 396 U.S. 212, 90 S.Ct. 347, 24 L.Ed.2d 371 (1969), wherein the Court said:

> "Since long before the Longshoremen's Act was passed it has been settled law that structures such as wharves and piers, permanently affixed to land, are extensions of the land. Thus literally read, a statute which covers injuries 'upon the navigable waters' would not cover injuries on a pier even though the pier, like a bridge, extends over navigable waters." 396 U.S. at 214.

Moreover, the Court went on to note that "[p]iers, like bridges, are not transformed from land structures into floating structures by the mere fact that vessels may pass beneath them." 396 U.S. at 214, 90 S.Ct. at 350. Whether we call the conveyor belt structure a pier, as did the district court, or something else, as suggested by the plaintiff, the fact remains that it is a structure permanently affixed to the shore and, like a pier, it is an extension of the land. Injuries sustained on it are therefore not compensable under the Longshoremen's Act.

Plaintiff claims in the alternative that he is a seaman and thus covered under the Jones Act whether his injuries occurred on navigable waters or not. The Jones Act claim arises out of Labit's occasional activities aboard a power boat used to position vessels being loaded at the conveyor platform. We find that plaintiff's sporadic contacts for brief periods of time with such a craft are insufficient to endow him with seaman status as that term was defined by this court in Offshore Company v. Robison, 5 Cir. 1959, 266 F.2d 769, 75 A.L.R.2d 1296. Labit was a loader working on the conveyor platform. He occasionally moved a barge a few feet to position it for loading. This falls woefully short of permanent assignment to a vessel or the performance of a substantial part of his work on the vessel. Offshore Company v. Robison, *supra*.

Plaintiff further argues that he was entitled to a jury determination concerning the jurisdictional facts surrounding both his Longshoremen's and Jones Act claims. We find this contention likewise without merit. The controlling facts concerning the nature of the conveyor structure and Labit's duties thereon are clear. These are factual inflexibles requiring no further evidential elucidation. Accepting the facts most favorable to the plaintiff, there is no reasonable basis on which a jury could determine that he was injured upon navigable waters or that he was a seaman. The summary judgment was therefore proper. Stanley v. Guy Scroggins Const. Co., 5 Cir. 1961, 297 F.2d 374; Thibodeaux v. J. Ray McDermott and Co., 5 Cir. 1960, 276 F.2d 42.

Affirmed.