Delos JENKINS, Plaintiff-Appellee,

v.

AQUATIC CONTRACTORS & ENGI-NEERS et al., Defendants-Appellants.

No. 30929.

United States Court of Appeals, Fifth Circuit.

July 19, 1971.

Rehearing Denied Sept. 3, 1971.

Robert M. Contois, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Aquatic Contractors & Engineers, Inc.

Darryl Tschirn, Reginald T. Badeaux, Jr., J. Michael Cumberland, Badeaux, Discon & Cumberland, New Orleans, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This appeal combines the perennial question of seaman status under the Jones Act, 46 U.S.C.A. § 688, with a challenge to an extraordinarily generous $100,000 jury verdict. The District Court concluded that the plaintiff was a *Robison*[1] seaman as a matter of law and granted his motion for summary judgment on that issue. We affirm that judgment but remand for additional consideration of the jury's award of damages.

Appellee Delos Jenkins, working as a welder on a pipe-laying barge, was injured while attempting to move some steel plate. In his affidavit he stated that at the time of the accident he was a permanent member of the barge's crew working in navigable waters and that he ate, worked and slept on board the vessel. These facts were not contradicted by the defendant, nor was there any evidentiary conflict with respect to the plaintiff's status.

■■ Ordinarily, of course, whether the plaintiff is or is not a seaman is a factual question to be resolved by the jury, particularly when the evidence is conflicting and supports contrary inferences. Braniff v. Jackson Ave.-Gretna Ferry, Inc., 5 Cir., 1960, 280 F.2d 523, on rehearing, 1961, 289 F.2d 939; Offshore Co. v. Robison, 5 Cir., 1959, 266 F.2d 769, 1959 A.M.C. 2049. But here, despite Appellant's assertion to the contrary, there was no genuine factual dispute to be resolved, and in light of the uncontroverted evidence the District Court quite properly refused to submit to the jury a wholly illusory issue, constructed at best from the defendant's "optimistic hope that something might turn up." Bruce Construction Corp. v. United States, 5 Cir., 1957, 242 F.2d 873, 878. The only rational inference to be drawn from the evidence is that the plaintiff was a Jones Act seaman.

---

1. Offshore Co. v. Robison, 5 Cir., 1959, 266 F.2d 769, 1959 A.M.C. 2049.

As for the problem of allegedly excessive damages, however, a consideration of the whole record persuades us that the District Court apparently misapprehended its responsibility with respect to the substantially based claim that the jury's verdict constituted unwarranted extravagance. The Judge in the face of such a claim may, and often must, consider one or both of two courses. First, even though the verdict has a sufficient Seventh Amendment basis to preclude a directed verdict or post-trial judgment n. o. v., F.R.Civ.P. 50, the Judge has wide discretion in granting a new trial (in whole or in part). Marsh v. Illinois Cent. R. Co., 5 Cir., 1949, 175 F.2d 498; Whiteman v. Pitrie, 5 Cir., 1955, 220 F. 2d 914. Second, he may, and often must, consider whether remittitur is required or permissible. See United States v. 1160.96 Acres of Land, 5 Cir., 1970, 432 F.2d 910.

Under our holding in these cases and in Gorsalitz v. Olin Mathieson Chemical Corp., 5 Cir., 1970, 429 F.2d 1033, 1046–47, adopting the so-called "maximum recovery" rule of Glazer v. Glazer, E.D.La., 1968, 278 F.Supp. 476, 478–82, the District Court must independently determine the maximum amount of damages the jury might reasonably have awarded and then may eliminate any excess either by ordering a remittitur or, alternatively, by granting a motion for a new trial. 429 F.2d at 1042–43. In performing that judicial duty, hazardous as it may be, the Judge ought not to be discouraged by the supposition that at the hands of the Courts of Appeals remittiturs sometimes have a high mortality rate.

Without even remotely suggesting what conclusion the District Court should reach under the *Marsh* and *Gorsalitz* standards, we remand solely for reconsideration of the damages issue and the entry of a new and appropriate judgment.

Affirmed in part; vacated and remanded in part.