**John E. EHRHARDT, Jr.**

v.

**B&G CRANE SERVICE, INC.**

**Civ. A. No. 79–3857.**

United States District Court,
E. D. Louisiana.

June 30, 1980.

John R. Wellman, New Orleans, La., for plaintiff.

John O. Charrier, Jr., Grady S. Hurley, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant.

ROBERT F. COLLINS, District Judge.

This matter came on for hearing on June 18, 1980, on the motion of defendant B&G Crane Service, Inc., d/b/a Sun Erection Company, to dismiss and/or enter summary judgment in its favor on the issue of plaintiff's status as a seaman under the Jones Act and on plaintiff's claim that the barge in question was unseaworthy pursuant to the general maritime law.

WHEREFORE, after due consideration of the submitted memoranda, the arguments of counsel, and the applicable law, the Court will and hereby does GRANT the motion of defendant on the issue of plaintiff's Jones Act status and on plaintiff's unseaworthiness claims pursuant to the general maritime law.

### REASONS

Plaintiff, John Ehrhardt, Jr., was employed by defendant B&G Crane Service, Inc., d/b/a Sun Erection Company (Sun), at the time he allegedly sustained the injuries sued upon. Sun is a construction firm hired to build an approach to the I–10/I–55 Destrehan bridge over the Mississippi River. To build the approach to the bridge, Sun constructed seven piers and was in the process of placing steel girders between these piers forming the foundation of the roadway. Only one of these seven piers was located in the Mississippi River. *See* Ehrhardt dep., Ehrhardt diagram 1. A fair reading of plaintiff's deposition demonstrates that he considered himself a "ground man" or shore based employee who assisted in the unloading and raising into position of the girders necessary to construct the bridge foundation. *See* Ehrhardt dep. pp. 38, 53–54.

Plaintiff's first contact with the Mississippi River occurred three days prior to his accident. During this three day period, plaintiff was assisting with the unloading of girders for use between piers 6 and 7. *See* Ehrhardt dep. pp. 63–64; Ehrhardt diagram 1. These girders were situated on a river barge in the Mississippi. *See* Ehrhardt dep. pp. 65–68; Ehrhardt diagram 3. To facilitate the work of raising these gird-

ers, a temporary scaffold was constructed above the river barge. *See* Ehrhardt dep. p. 72; Ehrhardt diagram 2. Plaintiff was injured when the scaffold he was working upon gave way, causing plaintiff to fall a distance of approximately twelve feet, Ehrhardt dep. pp. 79–80, onto the river barge. The evidence in the record demonstrates that plaintiff's connection to the river barge was transitory. There is no evidence that plaintiff ate or slept on board the river barge. His only vessel-related work consisted of preparing the girders on the river barge for use in the construction of the bridge. The Court further notes that plaintiff's transitory duties aboard the river barge were not related to any maritime activities; instead, these duties were related to the construction of the bridge.

 In ruling on defendant's motion for summary judgment, the Court considers the above found facts to be material and undisputed. In the many years since the landmark decision of *Offshore Co. v. Robison*, 266 F.2d 769 (5th Cir. 1959) (*Robison*), the jurisprudence has demonstrated that any resolution of the issue of seaman status presents "a mixed question of law and fact . . ." *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 326 (5th Cir. 1977). Nevertheless, when the facts are appropriate, the Fifth Circuit has affirmed summary judgments denying Jones Act seaman status. *See Kirk v. Land & Marine Applicators, Inc.*, 555 F.2d 481 (5th Cir. 1977); *Owens v. Diamond "M" Drilling Co.*, 487 F.2d 74, 76 (5th Cir. 1973) ("The issue of status is not necessarily a question for the jury in every case. The law applicable to maritime oil workers has developed to the point where in the appropriate case a legal determination may be made rather than submit the matter to a jury."); *Cox v. Otis Engineering Corp.*, 474 F.2d 613 (5th Cir. 1973). Under the undisputed material facts of the instant case, plaintiff is not a seaman because his work was not within the parameters established in *Robison*, and because his connection to the river barge, upon which his Jones Act seaman status is predicated, was transitory. *See Holland v. Allied Structural Steel Co., Inc.*, 539 F.2d 476, 479 (5th Cir.

1976); *Burns v. Anchor-Watt, Co.*, 469 F.2d 730, 732 (5th Cir. 1972); *Keener v. Transworld Drilling Co.*, 468 F.2d 729, 732 (5th Cir. 1972).

*Robison* holds that there is an evidentiary basis for the submission of a Jones Act case to the jury:

(1) if there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and

(2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.

*Robison*, 266 F.2d at 779 (footnote omitted).

Clearly, instant plaintiff was not permanently assigned to the barge on which he fell. Plaintiff only began working on or near the river barge three days before his accident, *see* Ehrhardt dep. p. 56; however, plaintiff had worked on land at the construction site for approximately two months before his accident. *See* Kemp. dep. pp. 8–9. Therefore, the Court must conclude that plaintiff did not perform a substantial part of his work aboard the river barge.

In *Holland v. Allied Structural Steel Co., Inc.*, 539 F.2d 476 (5th Cir. 1976) (*Holland*), the Fifth Circuit made the following comments in reference to seaman status:

[T]here remains the jurisdictional requirement that a claimant alleging seaman status under the Jones Act have been connected *in more than a transitory way*, with a vessel or vessels, and that his injuries have arisen in the course of his duties in the service of such a vessel or vessels.

*Holland*, 539 F.2d at 479 (emphasis added).

The facts of *Holland* are remarkably similar to the instant facts. Plaintiff's decedent in *Holland* was a member of a "raising gang" erecting steel beams on the superstructure of the I–20 bridge over the Mississippi River near Vicksburg. Plaintiff's decedent had been on the job six days before his death, and his crew was not assigned to a vessel, nor did they sleep or eat on a vessel. *Holland*, 539 F.2d at 478. As in the instant case, plaintiff's decedent asserted Jones Act seaman status predicated upon his offloading of steel from river barges. Relying on *Keener v. Transworld Drilling Co.*, 468 F.2d 729, 732 (5th Cir. 1972) and *Labit v. Carey Salt Co.*, 421 F.2d 1333 (5th Cir. 1970), the Court held:

> Evidence of "sporadic contacts for brief periods of time" with waterborne vessels is insufficient to support a jury finding of seaman status. *Labit v. Carey Salt Co.*, 421 F.2d at 1335. Rather, in order to meet *Robison's* requirement that a workman perform a "substantial part" of his work aboard a vessel, "it must be shown that he performed a significant part of his work aboard the ship *with at least some degree of regularity and conformity*," *Kenner [sic] v. Transworld Drilling Co.*, 5 Cir. 1972, 468 F.2d 729, 732.

*Holland*, 539 F.2d at 484 (original emphasis).

Based upon the material undisputed facts contained in the record, the foregoing Fifth Circuit jurisprudence is controlling and this Court holds that plaintiff was not a seaman.

In his opposition memorandum, counsel for plaintiff relies on the recent case, *Landry v. Amoco Production Co.*, 595 F.2d 1070 (5th Cir. 1979) (*Landry*), to support his contention that plaintiff is a Jones Act seaman. That case is easily distinguishable on its facts. In *Landry*, plaintiff was employed as a roustabout. Testimony at trial demonstrated that plaintiff spent anywhere from 40% to 90% of her time working on water. The trial court found "that plaintiff spent 70% of her time in vessel-related work activities." *Landry*, 595 F.2d at 1073. Based upon these facts, the Fifth Circuit held that plaintiff was a seaman as a matter of law. The Court further held that plaintiff satisfied the criteria enunciated in *Holland* because her connection with different vessels was more than transitory. *Landry*, 595 F.2d at 1072. Instant plaintiff thought of himself as a shore based worker, *see* Ehrhardt dep. pp. 38, 54, and performed work in the proximity of and/or on a river barge for three days out of two months. Clearly plaintiff in *Landry* had a more permanent connection with vessels, and for this reason the Court holds that *Landry* is inapposite to the instant case.

Because the Court holds that plaintiff is not a Jones Act seaman, it is clear that plaintiff may not assert a claim for unseaworthiness against defendant. As a shore based worker, plaintiff is limited to a cause of action pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b). Pursuant to 33 U.S.C. § 905(b) and the jurisprudence emanating from *Gay v. Ocean Transport & Trading Co., Ltd.*, 546 F.2d 1233 (5th Cir. 1977), plaintiff may not assert a claim for unseaworthiness.

Accordingly, this Court will and hereby does GRANT the motion of defendant B&G Crane Service, Inc., d/b/a Sun Erection Company, for summary judgment dismissing plaintiff's claims pursuant to the Jones Act and dismissing plaintiff's unseaworthiness claims pursuant to the general maritime law. Because plaintiff and defendant are both domiciled in Louisiana, *see* Complaint, the Court will and hereby does DISMISS this cause with prejudice at plaintiff's cost for lack of subject matter jurisdiction.