Francine CARUSO, Plaintiff-Appellant,

v.

STERLING YACHT AND SHIPBUILDERS, INC., and John Acland, Master of the passenger vessel "BENGALE I", Defendants-Appellees.

No. 86–5706.

United States Court of Appeals, Eleventh Circuit.

Sept. 22, 1987.

Rehearing and Rehearing En Banc Denied Oct. 26, 1987.

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

Edward R. Fink, Ft. Lauderdale, Fla., for plaintiff-appellant.

Richard Gerald Daniels, Miami, Fla., for defendants-appellees.

Before TJOFLAT and VANCE, Circuit Judges, and ALLGOOD,[*] Senior District Judge.

VANCE, Circuit Judge:

Francine Caruso was hired as a cook for the newly constructed vessel, "Bengale I." The shipbuilders, Sterling Yacht and Ship-builders, Inc., flew Caruso from Fort Lauderdale, Florida to Japan, where the "Bengale I" was being completed. On October 9, 1985, Caruso injured her toe while quartered ashore in a hotel. She was flown back to Fort Lauderdale and dismissed. Caruso then brought this action seeking damages for negligence under the Jones Act and also maintenance and cure under general maritime law.[1] The defendants moved for summary judgment on the grounds that the "Bengale I" was not a vessel "in navigation" at the time of Caruso's injury. The district court granted the defendant's motion, and this appeal followed.

A claimant must satisfy three requirements in order to be a "seaman" within the purview of the Jones Act:[2]

> First, the vessel on which the claimant is employed must be in navigation. Second, there must be more or less permanent connection with the vessel, and third, the claimant must be aboard primarily to aid in navigation.

*Williams v. Avondale Shipyards, Inc.*, 452 F.2d 955, 958 (5th Cir.1971); *Offshore Co. v. Robison*, 266 F.2d 769, 775 (5th Cir.1959).

▆ Our decision is predicated solely on the "in navigation" requirement.[3] To be "in navigation," a vessel must be "engaged as an instrument of commerce and transportation on navigable waters." *Williams*, 452 F.2d at 958. The record shows that the "Bengale I" was not licensed for navigation at the time of Caruso's injury. Though launched and afloat, the vessel had not been tested in sea trials. In fact, the "Bengale I" was not delivered to her owner

---

[*] Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

[1]. Caruso named the shipbuilder and the vessel's captain as defendants.

[2]. The Jones Act states, in pertinent part:
Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law.
46 U.S.C. § 688.

[3]. "While summary judgment on seaman status in Jones Act cases is rarely proper, and even marginal cases should go to the jury, it is in some circumstances possible to rule as a matter of law that a worker is not a seaman." *Bouvier v. Krenz*, 702 F.2d 89, 90 (5th Cir.1983); *Burns v. Anchor-Wate Co.*, 469 F.2d 730 (5th Cir.1972). In the present case, the facts relevant to a determination of Caruso's status under the Jones Act are undisputed, and these facts compel us to conclude, as a matter of law, that there is no coverage. *See Reynolds v. Ingalls Shipbuilding Div., Litton Systems, Inc.*, 788 F.2d 264, 267 (5th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 278, 93 L.Ed.2d 253 (1986).

until May 6, 1986, nearly 7 months later. Under these circumstances, the district court correctly ruled that the "Bengale I" was not a vessel "in navigation." *See, e.g., Williams,* 452 F.2d at 958 (vessel undergoing final sea trials not "in navigation"); *Reynolds v. Ingalls Shipbuilding Division, Litton Systems, Inc.,* 788 F.2d 264, 267 (5th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 278, 93 L.Ed.2d 253 (1986) ("ship undergoing sea trials is not 'in navigation' for purposes of the Jones Act"); *Bouvier v. Krenz,* 702 F.2d 89, 91 n. 3 (5th Cir.1983) ("[sea] trials are of ships under construction, which are not yet 'in navigation' "); *Bohlinger v. Allied Tankships, Inc.,* 613 F.Supp. 161, 165 (E.D.Va.1985) (vessel not "in navigation" before sea trials and delivery); *cf. Frankel v. Bethlehem-Fairfield Shipyard,* 132 F.2d 634, 635–36 (4th Cir. 1942), *cert. denied,* 319 U.S. 746, 63 S.Ct. 1030, 87 L.Ed. 1702 (1943) (launched but uncompleted vessel not "identified as a part of commerce and navigation"); *Rogers v. M/V Ralph Bollinger,* 279 F.Supp. 92, 95–96 (E.D.La.1968) ("it has never been considered the work of seamen to build their own vessels").[4]

■ Accordingly, we hold that Caruso is not entitled to relief under the Jones Act. Since the 'in navigation' requirement applies to claims for maintenance and cure, Caruso also is not entitled to recover under general maritime law. *See Wixom v. Boland Marine & Mfg. Co.,* 614 F.2d 956, 957 (5th Cir.1980).

AFFIRMED.

---

**4.** The facts of the present case are in marked contrast with those of *Bodden v. Coordinated Caribbean Transport, Inc.,* 369 F.2d 273 (5th Cir.1966), where a rebuilt vessel was being prepared for an imminent voyage and actually left port five days after the plaintiff's injury. *Id.* at 274.