Evelyn S. McSWEENEY, as Administratrix of the Estate of Michael L. McSweeney, deceased, Plaintiff,

v.

M.J. RUDOLPH CORPORATION, Defendant.

M.J. RUDOLPH CORPORATION, Third Party Plaintiff,

v.

PENN CENTRAL TRANSPORTATION CO., Third Party Defendant.

No. CV 78–2003.

United States District Court, E.D. New York, Long Island Division.

Dec. 19, 1983.

---

Rassner, Rassner & Olman, New York City, for plaintiff.

Vincent Berg Russo Marcigliano & Zawacki, New York City, for defendant/third party plaintiff.

Conboy Hewitt O'Brien & Boardman, New York City, for third party defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This was an action brought pursuant to the Merchant Marine Act, 46 U.S.C. § 688, commonly known as the "Jones Act". Plaintiff alleges that plaintiff's deceased suffered injury and ultimately death as a result of negligence on the part of the defendant and of the third party defendant.

We dismissed defendant and third-party plaintiff M.J. RUDOLPH CORPORATION's third-party complaint against third-party defendant PENN CENTRAL TRANSPORTATION CO., on the ground that, at trial, sufficient evidence was not presented of negligence on the part of the third-party defendant.

We dismissed plaintiff's complaint on the ground that, given undisputed facts established by the pleadings and by evidence presented at trial, we concluded as a matter of law that plaintiff's deceased was not a "seaman" within the meaning of the Jones Act.

Plaintiff's deceased worked as a crane operator for defendant M.J. RUDOLPH CORPORATION. The crane was located on a barge owned by the defendant known as the "R–6". The barge was not self-propelled, but was navigated by tow in New York harbor. The crane was used for loading and unloading vessels.

The barge was not intended for the purpose of carrying persons on the sea. Rather, it was intended that the barge would be

navigated by tow to the location where loading or unloading was to take place, that the barge would then be secured and rendered immobile, and that persons concerned with the operation of the crane would at that time step from the land onto the secured barge.

Plaintiff's deceased was never on the barge while the barge was moving. Plaintiff's deceased boarded the barge only for the purpose of operating the crane, of performing maintenance work, and, on rare occasions, for the purpose of handling lines or tying up the barge. Plaintiff's deceased did not sleep overnight on the barge.

On June 21, 1977, Arthur Rudolph (Vice President of defendant M.J. RUDOLPH CORPORATION) picked up plaintiff's deceased by automobile and drove him to a railroad bridge owned by PENN CENTRAL TRANSPORTATION COMPANY. Rudolph was interested in making a bid to Penn for demolition work on the bridge, and the opinion of plaintiff's deceased was required by Rudolph with respect to the time it would take to remove certain structural parts of the bridge with the use of the crane on the barge. Plaintiff contends that, as a result of the negligence of the defendant and third-party defendant, plaintiff's deceased on this occasion sustained injuries which ultimately resulted in his death.

■ To be a Jones Act seaman and thus entitled to sue for negligence, "the vessel must be in navigation, there must be a more or less permanent connection with the ship, and the worker must be aboard naturally and primarily as an aid to navigation", *Salgado v. M.J. Rudolph Corp.*, 514 F.2d 750 (2d Cir.1975), *quoting Klarman v. Santini*, 503 F.2d 29, 33 (2d Cir.1974), *quoting Harney v. William M. Moore Building Corp.*, 359 F.2d 649, 654 (2d Cir. 1966).

It is undisputed here that plaintiff's deceased had a more or less permanent connection with the barge.

In *Salgado, supra*, the Second Circuit held that the very same barge involved in the instant case (the R–6) is a "vessel" for the purpose of the warranty of seaworthiness (which warranty is not involved in the instant case), but did not determine whether the R–6 is a "vessel in navigation" for the purpose of the Jones Act requirement that a person suing for negligence under the Act must be connected with a vessel in navigation.

Also in *Salgado, supra*, the Second Circuit declined to rule as to whether plaintiff Pedro Salgado, whose duties aboard the R–6 were quite similar to those of the instant plaintiff's deceased, was aboard to aid in navigation. The Second Circuit found that there was substantial evidence that Salgado (unlike the instant plaintiff's deceased) did not have a more or less permanent connection with the R–6, and therefore upheld a lower court ruling that Salgado was not a Jones Act seaman.

We hold as a matter of law that plaintiff's deceased was not "aboard naturally and primarily as an aid to navigation". We therefore hold that plaintiff's deceased was not a Jones Act seaman, and that plaintiff therefore may not sue for negligence under the Jones Act. We need not rule as to whether the R–6 is a "vessel in navigation" for the purposes of a Jones Act negligence suit.

■ It is well established that, in order to be a Jones Act seaman, a person need not literally be involved in the actual navigation of a vessel. There is an evidentiary basis for a Jones Act case to go to the jury if the injured workman was assigned permanently to the vessel and "if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips", *Offshore Company v. Robison*, 266 F.2d 769, 779 (5th Cir.1959); *see also Harney v. William M. Moore Building Corp.*, 359 F.2d 649, 654 (2d Cir.1966).

In the instant case, plaintiff's deceased did not contribute to the function of the vessel or to the operation or welfare of the vessel. Plaintiff's deceased's job was to operate the crane. Although plaintiff's deceased did occasionally perform maintenance work, this was only a trivial aspect of his duties. Although plaintiff's deceased did, on rare occasions, handle the lines, he did so voluntarily and not as part of his duties.

Plaintiff's deceased did not contribute to the accomplishment of the barge's mission. The "mission" of the barge *qua* barge was simply to carry the crane. The barge, upon arriving at its destination, was secured and rendered immobile, and thereupon ceased to be a "barge" in the true sense of the word, and became a mere secured platform. The fact that plaintiff's deceased operated the crane after the barge was so secured does not mean that plaintiff's deceased contributed to the accomplishment of the "mission" of transporting the crane.

For the reasons stated above, we determined at trial that defendant is entitled to judgment as a matter of law.

ORDERED, that the Clerk shall enter judgment in favor of the defendant and against the plaintiff, directing that the plaintiff shall have no relief.