LOBRANO, Judge.
Plaintiff filed this suit under the Jones Act[1] and General Maritime Law seeking recovery for injuries sustained as a result of a job related accident that occurred on September 26, 1983. He was employed by International Marine Terminals (IMT) as a crane operator assigned to the barge ACB. IMT filed a motion for summary judgment on Jones Act seaman status, supported by the deposition of plaintiff. The motion was granted by the trial court and this appeal followed.
The pertinent facts are as follows. The plaintiff worked as a crane operator for IMT. IMT owns and operates a mid-water *1007 transfer facility on the Mississippi River. The crane operated by the plaintiff was located on a barge known as “ACB”. The barge was not self-propelled, but was moved from various points within the terminal facility by tugs. The crane itself was used for the loading and unloading of vessels and other barges.
The crane in question was mounted onto the deck of the barge by use of guide wires and wooden matting. Once the barge was moved into location, it was tied off either to other barges or objects on the bank.
Plaintiffs primary responsibility with respect to the barge was the operation of the crane. Occasionally, he would assist the deckhands in securing the barge in its various locations. Plaintiff would be transported to and from the barge by boat.
On August 26, 1983, plaintiff arrived at IMT and began his shift at approximately 7:00 p.m. He boarded the crane barge and began offloading cargoes of coal from several barges. At approximately 9:00 or 10:00 p.m., one of the cables used to operate the bucket of the crane became fouled on light poles which lined the boom of the crane. Plaintiff walked out on the boom to free the cable. When he did so, a passing ship caused the barge to rock, and plaintiff was thrown to the deck of the barge injuring his back.
The sole issue in this case is whether the trial judge erred in holding that as a matter of law plaintiff was not a seaman. We reverse.
The basic test for determining seaman status was first established in Offshore Company v. Robison, 266 F.2d 769 (5th Cir.1979). That case and subsequent jurisprudence have held that in order to qualify for seaman status under the Jones Act a claimant must be permanently assigned to or perform a substantial part of his work on the vessel and the capacity of his employment must contribute to the function of the vessel, its mission, its operation or its welfare. Wallace v. Oceaneering International, 727 F.2d 427 (5th Cir.1984), and the cases cited therein.
IMT concedes that plaintiff was permanently attached to the barge “ACB”. However they argue that he did not contribute to the mission or function of the vessel. They contend that the mission of the vessel was to move the crane and since plaintiff’s job was to operate the crane he therefore did not contribute to the mission of the vessel. They cite McSweeney v. M.J. Rudolph Corp., 575 F.Supp. 746 (E.D.N.Y. 1983). Plaintiff counters with Engle v. A. C. Ellis Corp., 509 F.Supp. 630 (S.D.Texas 1980).
The issue of seaman status is ordinarily a jury question even when the claim to seaman status is marginal. Bouvier v. Krenz, 702 F.2d 89 (5th Cir.1983). Whether a person is a seaman depends on the facts and circumstances of a particular case, and it would be a rare situation where the question could be resolved as a matter of law. Bodden v. Coordinated Carribe-an Transport, Inc., 369 F.2d 273 (5th Cir.1973).
This matter is before us on a summary judgment. A motion for summary judgment is proper only if the pleadings, depositions and affidavits show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. Code of Civil Pro. Art. 966. Summary judgment is not to be used as a substitute for a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
After review of plaintiff's deposition we are of the opinion that there is a genuine issue of fact concerning plaintiff’s status aboard the barge ACB. Based on the record before us a trier of fact could reasonably conclude that plaintiff was contributing to the function of the vessel. The summary judgment was improper, and we reverse.
REVERSED AND REMANDED.
REDMANN, C.J., concurs with reasons.

. 46 U.S.C. 688