James R. PRESLEY, Plaintiff-Appellee,

v.

The VESSEL CARRIBEAN SEAL, etc., et al., Defendants,

Geophysical Service, Inc., Defendant-Appellant.

No. 82–2305.

United States Court of Appeals, Fifth Circuit.

July 14, 1983.

---

Eugene J. Silva and Robert J. Cunningham, Houston, Tex., for defendant-appellant.

Mark L. Ross, New Orleans, La., for amicus Intern. Ass'n of Geophysical Contractors.

William R. Edwards, Russell H. McMains, Corpus Christi, Tex., for plaintiff-appellee.

Before INGRAHAM, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This case involves the preclusive effect of the Oceanographic Research Vessels Act, 46 U.S.C. §§ 441–445 (ORVA) on remedies of scientific personnel under the Jones Act, 46 U.S.C. § 688, and general maritime law. James Presley was a compressor mechanic aboard the CARRIBEAN SEAL when he suffered personal injuries. In response to Presley's suit, Geophysical Services, Inc. (GSI) moved for summary judgment on the grounds that the ORVA excluded scientific personnel from general maritime law and Jones Act recovery and that since GSI was a time charterer of the vessel, it could not be liable for the vessel's unseaworthiness. After reconsidering the motion, the district court granted partial summary judgment for GSI on the unseaworthiness claim, but denied the motion in all other respects. The district court certified the interlocutory order. Concluding that the Jones Act is amendatory of or supplementary to title 53 and therefore that coverage under the Jones Act is precluded by the ORVA, we reverse that portion of the district court's order and remand the case for further proceedings.

James Presley was hired by GSI as a compressor mechanic and was assigned to the CARRIBEAN SEAL, an oceanographic research vessel that conducted seismic measurements. While applying a dressing to the compressor's belt, Presley got his arm entangled in the machinery and was injured. He brought an action under the Jones Act and the general maritime law against his employer, GSI, the CARRIBEAN SEAL, and her owners, Caribe Co. and Sealcraft Operators, Inc., for the injuries allegedly sustained in the course and scope of his employment aboard the vessel. GSI moved for summary judgment on the ground that Presley's claims were barred by the ORVA because he was part of the scientific personnel aboard an oceanographic vessel. The district court denied the motion, but after reconsideration granted partial summary judgment on the unseaworthiness claim. After the interlocutory order

was certified, we granted leave to file this appeal to decide whether the ORVA prevents scientific personnel from recovering under the Jones Act or general maritime law.

The resolution of this case depends upon the scope given the terms of the ORVA. Presley was a member of the scientific personnel aboard an oceanographic research vessel as those terms are defined by the Act. *See* 46 U.S.C. § 441 (defining "oceanographic research vessel" and "scientific personnel"). The dispute arises, however, with the effect to be given section 444, which reads: "Scientific personnel on an oceanographic research vessel shall not be considered seamen under the provisions of title 53 of the Revised Statutes and Act [sic] amendatory thereof or supplementary thereto." 46 U.S.C. § 444. Although the statute does not expressly remove scientific personnel from seaman status under either the Jones Act or the general maritime law, it states that they shall not be considered seamen under the provisions of title 53 and its amendatory and supplementary acts.

■■■ We begin by noting that the general maritime law was not replaced by title 53 and its amendatory and supplementary acts, but remains available to seamen independent of their statutory remedies. *See, e.g., Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 549, 80 S.Ct. 926, 932, 4 L.Ed.2d 941 (1960) (owner's duty to provide a seaworthy vessel is absolute and independent of the Jones Act duty to exercise reasonable care). Appellants contend, however, that Congress intended to exclude scientific personnel not only from the statutory regulations, but also from statutory and maritime remedies affecting seamen by creating a new classification of individuals aboard vessels. Accordingly, appellant argues that Congress' reference to title 53, which contains an expansive definition of seamen, *see* 46 U.S.C. § 713, was intended to exclude scientific personnel from the broadest coverage of seamen. This argument is unpersuasive. If Congress had intended such a result, it could have prevented scientific personnel from being considered seamen

under the provisions of the general maritime law in addition to title 53. *See, e.g.,* 46 U.S.C. § 446 ("Sailing school students . . . shall not be considered seamen under the provisions of titles 52 and 53 of the Revised Statutes of the United States and any Act amendatory thereof or supplementary thereto, or for the purposes of the maritime law doctrines of maintenance and cure or warranty of seaworthiness."). The district court therefore correctly concluded that the ORVA did not prevent scientific personnel from being considered seamen under general maritime law.

With respect to the effect of the ORVA on the Jones Act, the district court concluded that Congress intended to exempt scientific personnel from the regulations affecting seamen that may impede or hinder oceanographic research, but not to exclude them from the remedies afforded seamen. Since the statute states that scientific personnel shall not be considered seamen under the provisions of title 53 or its amendatory and supplementary acts, the inquiry is whether the Jones Act is such an amendatory or supplementary act. The district court determined that it was not. The court's reliance upon *Warner v. Goltra,* 293 U.S. 155, 55 S.Ct. 46, 79 L.Ed. 254 (1934), is misplaced. *Warner* displays the inherent interpretational problem created by Congress' attempt to provide special remedies for a particular group of mariners, which are referred to as "seamen," within a general statutory scheme that protects all waterborne workers, which are also referred to as "seamen." Thus, the issue in *Warner* was whether the judicial interpretation of seamen under 46 U.S.C. § 713 prevented masters from recovering as seamen under the Jones Act. Reasoning that the dual enactment of the Jones Act and the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 903, evidenced Congress' intent to include masters within Jones Act coverage, the Court refused to apply the section 713 definitional interpretation to every merchant seaman provision. *Warner,* 293 U.S. at 159–60, 55 S.Ct. at 48. Consequently, *Warner* does not stand for the proposition that the Jones Act

neither amends nor supplements title 53; rather, the nature of the issue reveals that the Court was determining whether the definition developed for the general statutory scheme was applicable to a specific provision that supplemented the protection afforded a particular group of mariners.

We are persuaded by Judge Rubin's analysis in *Sennett v. Shell Oil Co.,* 325 F.Supp. 1 (E.D.La.1971), that the Jones Act either amends or supplements title 53.[1] Since the Jones Act is codified under and pertains to the protection and relief provisions given merchant seamen [2] and since at least one part of the Jones Act amended a provision of title 53,[3] "[i]t is plain both from its specific provisions and its overall purpose that the Jones Act amends or supplements Title 53." *Sennett,* 325 F.Supp. at 6. Accordingly, the district court erred in determining that the ORVA did not prevent scientific personnel from being considered seamen under the provisions of the Jones Act.

The portion of the district court's order denying summary judgment with respect to the general maritime law is AFFIRMED, the portion denying summary judgment with respect to the Jones Act is REVERSED, and the case is REMANDED for further proceedings consistent herewith.

---

1. Title 53 of the Revised Statutes was comprised of sections 4501 to 4612 of the Revised Statutes and is now contained in sections 542a, 543, 545, 546, 561, 562, 564 to 571, 574 to 578, 591 to 597, 600, 660, 661 to 669, 674 to 679, 682 to 685, 701 to 703, 705 to 707, 709, 710 and 711 to 713 to title 46, concerning shipping. These sections appear in ch. 18 entitled "Merchant Seamen."

2. 46 U.S.C. § 688 appears in ch. 18 under the heading "Protection and Relief."

3. 46 U.S.C. § 597 (previously codified as Title 53 of the Revised Statutes, section 4530 and amended by the Jones Act, ch. 250, § 31, 41 Stat. 1006 (1920)).