Steve **FREDIEU**, Plaintiff-Appellant,

v.

**ROWAN COMPANIES, INC.,**
Defendant-Appellee.

No. 83–4620.

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1984.

Fuhrer, Flournoy & Hunter, George A. Flournoy, Alexandria, La., for plaintiff-appellant.

Richard A. Chozen, Raggio, Cappel, Chozen & Berniard, Lake Charles, La., for defendant-appellee.

Before CLARK, Chief Judge, JOLLY and DAVIS, Circuit Judges.

CLARK, Chief Judge:

In this admiralty action, the district court denied Steve Fredieu's request for a jury trial as untimely and contingent. Fredieu's effort to excuse the lack of timeliness with a plea of inadvertence is insufficient. The district court's decision was not an abuse of discretion. On the merits, the district court concluded that Fredieu was not a seaman under the Jones Act because the rig on which he worked was not in navigation. The court also held that Fredieu could not recover under the Longshoremen's and Harbor Workers' Compensation Act because his injury resulted from the negligence of other employees of Fredieu's employer, Rowan Companies. These factual findings are not clearly erroneous. We affirm the judgment of the district court.

## I

We summarize from the district court's findings of fact. Fredieu began working for Rowan on March 12, 1981. His duties as a "floorhand" on the drilling rig CHARLES ROWAN included loading and unloading materials used to complete construction of that rig. The CHARLES ROWAN had been partially constructed in Vicksburg, Mississippi, by another company and was transferred to Rowan on February 23, 1981. A master carpenter's certificate had been issued. The following day, the rig was towed down the Mississippi River to Belle Chasse, Louisiana, below the last bridge across the river where Rowan completed construction. On its journey to Belle Chasse, the CHARLES ROWAN had navigational lights, an operational generator and lighting, plumbing, a galley, living quarters, and personnel aboard the rig. At Belle Chasse, Rowan finished construction of the jackup legs, constructed the derrick, and constructed and installed machines required for offshore drilling.

During this final "rigging up" phase, Rowan used two barges to transfer the necessary construction equipment to and from the drilling rig. A large barge (the "first barge") was tied to the rig. A smaller barge (the "second barge") was tied to the first barge. The gap between the two barges was about two feet. The first barge rode about two feet higher than the second barge. There was no walkway or gangplank between the two barges. In the course of night duty, Fredieu slipped in sand as he was about to jump from the first to second barge, and he fell onto the second barge, hurting his knee. Sand was

on the barge because Rowan employees were sandblasting during construction. Some sand was spilled when sacks were torn.

Fredieu filed suit in admiralty against Rowan on January 25, 1982. He later filed two amended complaints. The first amended complaint was filed on May 27 and added a plea for punitive damages. The second amended complaint was filed on September 29 and specified that jurisdiction was based on the Jones Act, diversity, and general maritime law.

On October 6, Fredieu moved to file a third amended complaint. In a letter accompanying the motion, Fredieu's counsel stated that the purpose of the amendment was to request a jury trial. Fredieu's counsel stated that he "inadvertently" neglected to request a jury trial in his second amended complaint. He wrote, "In September, when it became apparent that a decision in *Culver* [*v. Slater Boat Co.*, 688 F.2d 280 (5th Cir.1982) (en banc),] was imminent, I told [defense counsel] that I was going to ask for a jury trial as soon as *Culver* came out if it was favorable to our position on inflation." On October 7, the district court denied the motion to amend because the scheduled trial date was just six weeks away and because the reason set forth by Fredieu's counsel—a favorable decision in *Culver*—was insufficient. Fredieu's counsel later wrote the district judge to clarify his position. He characterized his earlier letter as "inartfully worded" and said he had wanted to request a jury trial regardless of the outcome of *Culver*. The district court again denied the motion to amend, stating that the earlier letter from Fredieu's counsel had been unambiguous.

The trial was continued and eventually held on July 5, 1983. Fredieu never renewed his request for a jury trial. On the merits, the district court held that Fredieu was not a seaman since the CHARLES ROWAN was not in navigation. Thus, Fredieu's claim, if any, would rest on the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b), rather than the Jones Act. However, since Fredieu's injury was caused by the negligence of other Rowan employees, the court held that he could not prevail on a section 905(b) claim.

## II

On appeal, Fredieu asserts that the district court abused its discretion by denying his motion to amend the complaint to request a jury trial. In addition, he contends the district court erred in finding that he was not a seaman and that he could not prevail on a section 905(b) claim.

## A

Rule 38(b) of the Federal Rules of Civil Procedure entitles a party to a jury trial on any issue triable by a jury if a demand is served "not later than 10 days after the service of the last pleading directed to such issue." An amended or supplemental pleading that raises new issues enables a party to request a jury trial for those issues in the manner established by Rule 38(b). But an amended or supplemental pleading that merely restates issues previously raised does not revive the right to demand a jury trial when one had not earlier been demanded. As we said in *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978), "A complaint 'raises an issue' only once within Rule 38(b)'s meaning—when it introduces it for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial." *Id.* at 752–53. Furthermore, the "new issues" must relate to new issues of fact and not to new theories of recovery. *Id.* at 753. Clearly, Fredieu failed to comply with Rule 38(b)'s requirement that a demand be served within 10 days after service of the last pleading directed to the issue for which the jury trial is sought. In addition, the amended complaints did not raise new issues that revived the right to demand a jury trial. Thus, Fredieu waived his right to a jury trial. *See* Fed.R.Civ.R. 38(d).

A party may seek relief from waiver of the right to a jury trial by filing a motion under Rule 39(b). The decision to grant such a motion is discretionary with

the district court. In this circuit, a district court generally should grant a Rule 39(b) motion to permit a jury trial "in the absence of strong and compelling reasons to the contrary." *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *see Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1029 (5th Cir. 1980). But it is not an abuse of discretion to deny a Rule 39(b) motion "when the failure to make a timely demand for a jury trial results from mere inadvertence on the part of the moving party." *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir.), *cert. denied*, 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64 (1970); *see Rhodes v. Amarillo Hospital Dist.*, 654 F.2d 1148, 1154 (5th Cir.1981); *accord Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983).

■ We hold that the district court did not abuse its discretion by denying Fredieu's belated request for a jury trial. Fredieu's counsel stated in a letter accompanying his motion that he "inadvertently" omitted a request for a jury trial. This reason alone does not relieve a party from waiver. In addition, the district court's decision is bolstered by Fredieu's counsel's letter in which he conditioned a demand for a jury trial on a favorable outcome in *Culver*. The district court's decision was not an abuse of discretion.

### B

■ Fredieu contends the district court erred in finding that he was not a seaman and that he could not recover under the LHWCA. One of the criteria for determining seaman status is that a vessel be in navigation. *See Bouvier v. Krenz*, 702 F.2d 89, 90 (5th Cir.1983). As with the other criteria for establishing seaman status, the determination of whether a vessel is in navigation is, except in rare instances, a question of fact. *See Brunet v. BOH Bros. Constr. Co.*, 715 F.2d 196, 198 (5th Cir.1983); *Watkins v. Pentzien, Inc.*, 660 F.2d 604, 606 (5th Cir.1981), *cert. denied*,

456 U.S. 944, 102 S.Ct. 2010, 72 L.Ed.2d 467 (1982); *Bodden v. Coordinated Caribbean Transp.*, 369 F.2d 273, 274–75 (5th Cir. 1966).

■ Fredieu argues, however, that because the facts are undisputed, the question whether he is a seaman is a question of law. We disagree. On the record before us, the evidence clearly reveals a factual dispute. The evidence shows that a partially constructed rig was transferred to Rowan for completion. Because of the limited clearance under the bridge and the height of the finished vessel, construction could not be fully completed in Vicksburg. The district court found that the "rigging up" done by Rowan entailed "completing the necessary construction and equipment for the rig's use as a drilling rig." Thus, the uncompleted rig was not a vessel and was not in navigation. These are factual findings, and they are not clearly erroneous. Fed.R.Civ.P. 52(a); *see United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

■ Similarly, the determination of Fredieu's ability to recover under the LHWCA is fact-bound. Section 905(b) states that no action is permitted if the employee's injury "was caused by the negligence of persons engaged in providing ship building or repair services to the vessel." The district court found that Fredieu was a shipbuilder, and in addition, that the loose sand on the barge resulted from the work of other Rowan employees. Thus, Fredieu had no section 905(b) claim since his injury resulted from the negligence of other Rowan employees. This finding was not clearly erroneous.

In summary, we affirm the district court's findings that Fredieu was not a seaman and that he could not recover on a section 905(b) claim. The district court also did not commit an abuse of discretion by denying Fredieu's untimely request for a jury trial.

AFFIRMED.