Daniel E. KELLEY

v.

WESTERN GEOPHYSICAL COMPANY OF AMERICA.

Civ. A. No. 86–2679.

United States District Court, E.D. Louisiana.

Aug. 27, 1987.

Donald J. Anzelmo, Monroe, La., for plaintiff.

Thomas M. Richard, Hailey, McNamara, Hall, Larmann & Papale, Metairie, La., for defendant.

## MEMORANDUM OPINION

MENTZ, District Judge.

The Court has before it the motion of the defendant, Western Geophysical Company of America, for partial summary judgment. The plaintiff was injured when a compressor, located aboard the defendant's seismic vessel the WESTERN PASSAGE, exploded. It is undisputed that the Oceanographic Research Vessels Act (ORVA), 46 U.S.C. § 441 *et seq.*, applies to both the vessel and the plaintiff.[1] The defendant seeks a summary judgment dismissing the plaintiff's claims pursuant to his possible remedies under the Jones Act and general maritime law warranty of seaworthiness.

■ It is well settled that in situations governed by ORVA, the plaintiff is not entitled to pursue a Jones Act remedy pursuant to 46 U.S.C. § 688. *Craig v. M/V*

*Peacock,* 760 F.2d 953 (9th Cir.1985). Heretofore, ORVA has not been construed so as to divest a plaintiff of his rights under the general maritime law for a warranty of seaworthiness. *Presley v. The Vessel Carribean Seal,* 709 F.2d 406 (5th Cir.1983). However, the defendant herein contends that the warranty of seaworthiness is *not* available to an ORVA plaintiff because, by statute, it is *impossible* for the plaintiff to meet the requisite criteria to enable him to recover under a theory of unseaworthiness. As such, this variation on what was essentially the same argument presented by the defendant in *Presley* adds a novel twist to this lawsuit.

Citing numerous cases in support of a well-settled proposition, the defendant submits that an essential criteria for the availability of the warranty of seaworthiness is that the vessel on which the plaintiff was working be a vessel "in navigation." *See, e.g., Fredieu v. Rowan Companies, Inc.,* 738 F.2d 651 (5th Cir.1984), *Reynolds v. Ingalls Shipbuilding Division,* 788 F.2d 264 (5th Cir.1984), *Reynolds v. Ingalls Shipbuilding Division,* 788 F.2d 264 (5th Cir.1986). The defendant next elaborates on this definition by submitting case law construing a vessel "in navigation" as being one "... engaged as an instrument of commerce or transportation on navigable waters." *Johnson v. John F. Beasley Construction Company,* 742 F.2d 1054 (7th Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1180, 84 L.Ed.2d 328 (1985) citing *Griffith v. Wheeling Pittsburgh Steel Corporation,* 521 F.2d 31 (3rd Cir.1975). *See,*

---

1. Sec. 441. Exemption of oceanographic research vessels from inspection laws; definitions As used in sections 441–445 of this title—
    (1) the term "oceanographic research vessel" means a vessel which the Secretary of the department in which the Coast Guard is operating finds is being employed exclusively in oceanography or limnology, or both, or exclusively in oceanographic research, including, but not limited to, such studies pertaining to the sea as seismic, gravity, meter and magnetic exploration and other marine geophysical or geological surveys, atmospheric research, and biological research;
    (2) the term "scientific personnel" means persons who are aboard a vessel solely for the purpose of engaging in scientific research, instructing, or receiving instruction, in oceanography or limnology.
    Sec. 443. Vessel not engaged in trade or commerce
    An oceanographic research vessel shall not be deemed to be engaged in trade or commerce.
    Sec. 444. Scientific personnel not considered seamen
    Scientific personnel on an oceanographic research vessel shall not be considered seamen under the provisions of Title 53 of the Revised Statutes and Act amendatory thereof or supplementary thereto.

also, *Rogers v. M/V Ralph Bollinger,* 279 F.Supp. 92 (E.D.La.1968).

The defendant then reasons that, pursuant to § 443 of ORVA, "an oceanographic research vessel shall not be deemed to be engaged in trade or commerce," it is legally impossible for the "in navigation" test for unseaworthiness to be met. While this is certainly an academically interesting argument, it fails to be persuasive.

In essence, the position asserted by Western Geophysical is simply the same old song with a new stanza. It has repeatedly been held that ORVA does not deprive an ORVA plaintiff of his warranty of seaworthiness. *Presley, supra; Sennett v. Shell Oil Co.,* 325 F.Supp. 1 (E.D. La.1971). In *Sennett,* Judge Rubin, then sitting on the district bench, artfully and succinctly stated:

> It must be concluded then that the statute does not by alchemy transmute vessels into non-vessels, nor does it convert scientific personnel into a new category of workers at sea to whom the vessel owes no duty. With respect to all other matters than those dealt with by the statute, O.R.V.'s remain vessels; general maritime law applies to them and to all aboard them, including scientific personnel; and the owner, the master, and the crew of the vessel are not relieved of all obligations to those scientific personnel whose tasks furnish the sole raison d'etre for the O.R.V.

*Id.* at 4.

Thus, the substance of the argument advanced by counsel has been rejected in *Presley, Peacock,* and *Sennett.* Of course, the specific analysis or approach articulated by the defendant herein has not heretofore been addressed, but such is a distinction without a difference. This Court is certain that the wisdom of the Courts previously considering this matter would have recognized and given credence to such an analysis were it applicable.

■ Further, while § 443 dictates that an O.R.V. is not a *"vessel ... deemed to be engaged in navigation or commerce,"* that does not concomitantly mean that scientific personnel are not seamen assigned to a vessel in navigation or commerce for purposes of the warranty of seaworthiness. ORVA § 444 divests scientific personnel of their rights as seaman *only* insofar as the Jones Act is concerned. ORVA § 443 divests an oceanographic research vessel of its status as a vessel only for the narrow purposes intended by the statute. Such oceanographic vessels remain true "vessels" for other purposes, one of which being to serve as a touchstone for establishing the warranty of seaworthiness and the right to sue for unseaworthiness. Absent an express legislative or judicial mandate to deprive a plaintiff of such a right, this Court will not contort the law to do so.

Accordingly, the defendant's motion for partial summary judgment is GRANTED insofar as the claim for a Jones Act remedy is concerned, and DENIED insofar as the plaintiff's remedy for unseaworthiness is implicated.