940 So.2d 620 (2006)
Charles ALBERT and Denise Albert
v.
FARM BUREAU INSURANCE COMPANY, et al.
No. 2005-C-2496.
Supreme Court of Louisiana.
October 17, 2006.
*621 Preis, Kraft & Roy, Larry L. Roy, Edwin G. Preis, Jr., Dawn L. Morris; Nicholas Gachassin, Jr., Lafayette, for Applicant.
Oliver, Way & Jones, Kenny L. Oliver, David O. Way, Lafayette; Rabalais-Williams, George E. Williams, Jr., Lafayette; Hulse & Waneck, Randall L. Kleinman, New Orleans, Kevin P. Tauzin, Jonathan L. Woods, Lafayette, for Respondent.
PER CURIAM.
We granted this application to consider whether the court of appeal erred in awarding medical expenses in favor of plaintiffs and against the Sheriff of Lafayette Parish without providing a corresponding credit to the sheriff for medical expenses previously paid to plaintiffs. For the reasons that follow, we conclude the sheriff is entitled to a credit and therefore amend the judgment of the court of appeal.

UNDERLYING FACTS AND PROCEDURAL HISTORY
Charles Albert, a deputy with the Lafayette Parish Sheriff's Department attended a defensive tactic training course. Carl Broussard, another deputy with the Sheriff's Department, also attended the training course. Approximately fifteen minutes before the course was scheduled to begin, Deputy Albert and Deputy Broussard attempted to practice an action known as the "common peroneal maneuver."[1] Deputy Albert alleged he sustained injury to his knee as a result.
Thereafter, plaintiffs, Deputy Albert and his wife, filed the instant suit against Deputy Broussard, in his individual capacity, and Farm Bureau Insurance Company, Deputy Broussard's homeowner's insurer.[2]
Subsequently, Sheriff Michael Neustrom, in his capacity as Administrator of the Lafayette Parish Sheriff's Department self-insurance program, filed a petition of intervention. The petition alleged that at all times pertinent, Deputy Albert was employed by the Lafayette Parish Sheriff's Office and was entitled to payment of medical expenses and lost wages under the Sheriff's Department self-insured benefits program. Citing La. R.S. 33:1448(F),[3] the petition alleged "intervenor is subrogated to all of the rights of plaintiff to recover damages from various defendants to the extent of payments made by intervenor under La. R.S. 33:1448. . . ."
Thereafter, plaintiffs filed a First Supplemental and Amending Petition, naming Sheriff Neustrom in his individual and official capacities. Plaintiffs alleged Sheriff Neustrom was vicariously liable for Deputy Albert's injuries because Deputy Broussard *622 was in the course and scope of his employment at the time of the incident.[4]
Prior to trial, the parties entered into a stipulation regarding the intervention. That stipulation provides, in pertinent part, as follows:
The Lafayette Parish Sheriff's Department has paid the total sum of $48,763.32 for medical expenses of Charles Albert, for personal injuries and other losses sustained in an action which occurred on or about June 19, 2001[emphasis in original].
The matter proceeded to a bench trial. At the conclusion of trial, the trial court rendered judgment in favor of Sheriff Neustrom, finding that he was not vicariously liable for Deputy Broussard's actions. The court reasoned that Deputy Broussard was not within the course and scope of his employment at the time of the accident.
Plaintiffs appealed. The court of appeal reversed the judgment of the trial court, finding that Sheriff Neustrom was vicariously liable for Deputy Broussard's actions. Having found liability, the court of appeal proceeded to award damages in favor of plaintiffs and against Sheriff Neustrom, including past medical expenses in the amount of $48,763.32.[5]
Sheriff Neustrom filed an application for writs in this court. He raised four assignments of error, including assignment of error number four, which stated "[t]he Third Circuit erred in failing to grant the Sheriff a credit for the amount of medical bills and expenses it paid on behalf of plaintiff." We granted certiorari and specifically directed the parties to provide additional briefing on assignment of error number four. Albert v. Farm Bureau Ins. Co., 05-2496 (La.4/24/06), 926 So.2d 528.

DISCUSSION
At the outset, we note that in granting this application, it was not our intent to address the court of appeal's holding that the sheriff was vicariously liable for Deputy Broussard's actions. It suffices to say that we find no error in the court of appeal's determination of the vicarious liability issue. See LeBrane v. Lewis, 292 So.2d 216 (La.1974). Likewise, our review of the quantum of the damages awarded by the court of appeal does not reveal these awards are unreasonable.
We now turn to the issue which prompted our grant of certiorari, namely, whether Sheriff Neustrom is entitled to a credit for medical expenses previously paid to Deputy Albert. In resolving this issue, we begin from the well-settled premise that Louisiana law does not allow for double recovery of the same element of damages. In Gagnard v. Baldridge, 612 So.2d 732, 736 (La.1993), we stated:
A wrongdoer should not be required to pay twice for the same elements of damages. Double recovery would be in the nature of exemplary or punitive damages which are not allowable under Louisiana law unless expressly provided for by statute. International Harvester Credit v. Seale, 518 So.2d 1039 (La. 1988).
*623 Although plaintiffs do not dispute the prohibition against double recovery, they contend there is no double recovery under the facts of this case. They point out the judgment of the court of appeal casts Sheriff Neustrom for past medical expenses in his official capacity as Sheriff of Lafayette Parish. By contrast, plaintiffs maintain the intervention established that Sheriff Neustrom previously paid medical expenses in his capacity as Administrator of the Sheriff's Department's self-insurance program. Because Sheriff Neustrom has two distinct capacities in this litigation, plaintiffs argue there is no double recovery.
We see no merit to plaintiffs' argument. Assuming (without necessarily deciding) that Sheriff Neustrom appears in two capacities,[6] such a distinction is irrelevant for purposes of the prohibition against double recovery. In Gagnard, supra, we held that the defendant which appeared in two separate capacities (employer and tortfeasor) was entitled to a credit for disability benefits and medical expenses paid to the plaintiff under the worker's compensation act against the amount of wages and medical expenses awarded to the plaintiff in tort.
Likewise, Robinson v. North American Salt Co., 02-1869 (La.App. 1st Cir.6/27/03), 865 So.2d 98, 109, writ denied, 03-2581 (La.11/26/03), 860 So.2d 1139, the court held that a statutory employer which was cast for damages in tort was entitled a credit for workers' compensation benefits paid by the plaintiff's direct employer. The court stated:
Although NAS [the statutory employer] is not the one who actually paid the workers' compensation benefits to the employee in this case, that does not change the fact that Mr. Robinson cannot be compensated twice for the same element of damages. Accordingly, we must amend the judgment to reflect a reduction for the medical expenses and indemnity benefits which Mr. Robinson was already paid.
Relying on these authorities, we find it is of no moment that Sheriff Neustrom may have paid medical benefits under a different capacity than the capacity in which he was cast in judgment.[7] The fact *624 remains that plaintiffs have been compensated for his medical expenses and cannot be compensated twice for the same element of damages.
In summary, we conclude that the court of appeal erred in casting Sheriff Neustrom for past medical expenses in the amount of $48,763.32 without granting him a corresponding credit for these amounts.[8] Accordingly, we will amend the judgment of the court of appeal to grant Sheriff Neustrom a credit for past medial expenses in the amount of $48,763.32.

DECREE
For the reasons assigned, the judgment of the court of appeal is amended to provide that defendant, Sheriff Michael W. Neustrom, is entitled to a credit for past medical expenses in the amount of $48,763.32. In all other respects the judgment of the court of appeal is affirmed. All costs in this court are assessed against plaintiffs, Charles Albert and Denise Albert.
NOTES
[1] The common peroneal defensive tactic allows a deputy to subdue a subject by pressing his knee into the upper thigh of the subject.
[2] Deputy Broussard was later discharged in bankruptcy and his insurer was dismissed by motion for summary judgment.
[3] La. R.S. 33:1448(F) provides:

F. Sheriffs, their insurers, and any self-insurance plan authorized pursuant to this Section, shall be subrogated to all rights and actions which any deputy or his dependents have or may have for all sums which such sheriffs, insurers, or self-insurance plans have paid or may pay as salary or compensation; as health, medical, surgical, hospital, dental, accident, or death benefits; and if such interest is asserted by suit or intervention for a reasonable attorney's fee therefor.
[4] At the time of this incident, Sheriff Neustrom did not elect to provide workers' compensation for his deputies. Accordingly, the provisions of La. R.S. 23:1032 regarding exclusiveness of remedies and employer's immunity from tort liability did not apply in the instant case. See La. R.S. 23:1034(B) & (C).
[5] The court of appeal also awarded $8,908.89 in past lost wages, $150,000.00 in past and future pain, suffering, mental anguish, disability, and loss of enjoyment of life, and $25,000.00 to Mrs. Albert for loss of consortium.
[6] In support of this contention, plaintiffs rely on the fact that Sheriff Neustrom in his official capacity was represented by different counsel from Sheriff Neustrom in his capacity as Administrator. However, we do not believe this fact necessarily proves Sheriff Neustrom is acting in two distinct capacities. At the time the initial intervention was filed, the only defendants in the litigation were Deputy Broussard and his homeowner's insurer. Because there was a possibility these defendants could have argued Deputy Broussard was in the course and scope of his employment with the Lafayette Parish Sheriff's Office, Sheriff Neustrom contends he retained separate counsel to file the intervention to avoid the possibility of a future conflict. Seen in this light, we cannot say Sheriff Neustrom's use of separate counsel necessarily indicates the medical expenses were paid by a entity separate and distinct from the sheriff.
[7] We also note that La. R.S. 33:1448(F) provides for a statutory right of subrogation for benefits paid under the sheriff's self-insurance program. Accordingly, even accepting Sheriff Neustrom in his official capacity is a separate entity from Sheriff Neustrom in his capacity as administrator of the self-insurance program, any past medical expenses paid by Sheriff Neustrom in his official capacity pursuant to the tort judgment would not be paid to plaintiff but rather would be paid to plaintiffs' subrogeei.e., the Sheriff in his capacity as administrator of the self-insurance program. As Sheriff Neustrom's attorney aptly pointed out, the sheriff would essentially take the money from one pocket and put it in another, thereby extinguishing any obligation on the part of the sheriff by confusion. See La. Civ.Code art.1903 ("[w]hen the qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion").
[8] As shown by the stipulation of the parties, it is undisputed that Sheriff Neustrom paid the total sum of $48,763.32 for Deputy Albert's medical expenses. Accordingly, he is entitled to a credit for this amount.