# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-60547
Summary Calendar

ANTHONY DWAYNE SWIFT,

Plaintiff-Appellant,

v.

BARRY STANFORD, Detention Officer/Jailor,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:05-CV-279

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anthony Dwayne Swift, Mississippi prisoner # 75278, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Barry Stanford used excessive force against him. Following an evidentiary hearing, the magistrate judge (MJ) recommended entering judgment in favor of the defendant. The district court adopted the MJ's report and recommendation.

Swift has filed a motion to proceed in forma pauperis (IFP) on appeal. By moving to proceed IFP, Swift is challenging the district court's certification that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a). He also seeks the production of the transcript of the evidentiary hearing at government expense. *See* 28 U.S.C. § 753(f).

Swift contends that he is entitled to a jury trial. Swift did not timely demand a jury trial in the district court. *See* FED. R. CIV. P. 38(b). Therefore, Swift waived his right to a jury trial. *See* FED. R. CIV. P. 38(d); *Fredieu v. Rowan Cos.*, 738 F.2d 651, 653 (5th Cir. 1984).

Swift argues that the credibility determinations of the MJ were incorrect. He also contends that he could not be subjected to punishment as a pretrial detainee. This court cannot second guess the credibility determinations of a district court. *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000). Because Swift's argument rests solely on the issue of credibility, he cannot show that the district court's decision was clearly erroneous. *See id.* Additionally, as a pretrial detainee, Swift is subject to institutional security practices and must prove that the measure taken by Stanford was not in an effort to maintain or restore discipline, but rather was done maliciously and sadistically for the purpose of causing harm. *See Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). Because the district court credited testimony that Swift acted in an aggressive manner which justified the use of force, Swift cannot succeed on his claim.

Swift has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Because Swift's appeal is frivolous, his motion for transcript at government expense is denied. *See* 28 U.S.C. § 753(f); *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985).

The dismissal of Swift's appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Swift has one previous strike.  *See Swift v. Murry*, No. 4:07-CV-075. Swift is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; MOTION DENIED; SANCTIONS WARNING ISSUED.