**PETROBRAS AMERICA, INC. and Certain Underwriters At Lloyd's London and Insurance Companies Subscribing To Policy No. B0576 / JM 12318, Plaintiffs,**

v.

**VICINAY CADENAS, S.A., Defendant.**

Civil Action No. H–12–888

United States District Court, S.D. Texas, Houston Division.

Signed 09/06/2017

Brett Ingerman, DLA Piper LLP US, Baltimore, MD, Brett Solberg, DLA Piper LLP, Houston, TX, Ileana M. Blanco, DLA Piper USA LLP, Houston, TX, George H. Lugrin, IV, Westmoreland Hall PC, Houston, TX, Karen Klaas Milhollin, Hall Maines Lugrin, P.C., Houston, TX, for Plaintiffs.

Mark C. Baker, Fulbright Jaworski US LLP, Houston, TX, Katherine Dudas Mackillop, Norton Rose Fulbright US LLP, Houston, TX, for Defendant.

## ORDER

DAVID HITTNER, United States District Judge

Pending before the Court are Plaintiffs' Motion for Jury Trial (Document No. 239), Defendant Vicinay Cadenas S.A.'s Motion to Dismiss Certain Causes of Action in Third Amended Complaint (Document No. 240), Defendant Vicinay Cadenas S.A.'s Motion to Stay Pending Arbitration under the FAA and Louisiana Binding Arbitration Law (Document No. 270), and Defendant Vicinay Caenas S.A.'s Motion for a Stay of Discovery Pending Resolution of its Motion to Stay Pending Arbitration (Document No. 271). Having considered the motions, submissions, and applicable law, the Court determines Plaintiffs' motion should be granted, Defendant's motion to dismiss should be granted in part and denied in part, and Defendant's motions to stay should be denied.

## I. BACKGROUND

### A. Factual Background

This case arises from two separate contracts between three different entities. Two of those entities are parties to this suit. The first contract (the "EPCI Agreement") is between Plaintiff Petrobras America, Inc. ("Petrobras")[1] and Technip USA, Inc. ("Technip"), which is not a party to this action. Under the EPCI Agreement, Petrobras contracted with Technip for the engineering, procurement, construction, and installation of a set of free-standing hybrid risers for Petrobras's floating oil and gas production facility in the Gulf of Mexico.

The second contract is between Technip and Defendant Vicinay Cadenas, S.A. ("Vicinay"), which is the Defendant in this suit. The contractual relationship between Technip and Vicinay is governed by a purchase order ("Purchase Order"). Under the terms of the Purchase Order, Vicinay agreed to engineer and manufacture five tether chains that would connect a portion of the risers in Petrobras's production facility to buoyancy cans near the ocean's surface that keep the riser assembly in place. Petrobras is not a signatory to the Purchase Order. There is no contract between Petrobras and Vicinay.

On March 23, 2011, Petrobras discovered that a buoyancy can had broken free from its connection to the riser assembly, and a portion of the riser assembly and tether chain had fallen to the ocean floor. According to Petrobras, as a result of the tether chain's failure, Petrobras was forced to suspend all oil and gas development in the affected fields. Petrobras alleges that a link in the tether chain failed due to unauthorized and defective repair welds made by Vicinay during the chain's manufacturing.

### B. Procedural Background

Based on Petrobras's allegations, on March 23, 2012, Plaintiffs commenced the present action in this Court against Vicinay, asserting admiralty or maritime claims for (1) negligence; (2) gross negligence; (3) products liability; and (4) breach of implied warranty. On August 11, 2014, the Court granted Vicinay's motion for summary judgment based on the maritime law economic loss doctrine. Plaintiffs' subsequently appealed the Court's August 11, 2014 Order granting Vicinay's motion for summary judgment to the Fifth Circuit Court of Appeals. On appeal, the Fifth Circuit found that, pursuant to the Outer

---

1. Petrobras is one of multiple plaintiffs in this suit, along with Certain Underwriters at Lloyd's, London and Insurance Companies subscribing to Policy No. B0576/JM12318 (collectively, "Plaintiffs").

Continental Shelf Lands Act ("OCSLA"), Louisiana law rather than admiralty or maritime law applied. The Fifth Circuit thus reversed the Court's August 11, 2014 Order and remanded the case with instructions to proceed under Louisiana law. On March 17, 2017, the Court granted Plaintiffs leave to file a third amended complaint. The same day, Plaintiffs' filed a third amended complaint, asserting the following claims under Louisiana law: (1) products liability pursuant to the Louisiana Products Liability Act ("LPLA"); (2) redhibition; (3) negligence; (4) gross negligence; (5) failure to warn; and (6) fraud or fraudulent inducement. Plaintiffs' third amended complaint is the live complaint.

## II. LAW & ANALYSIS

Vicinay now moves to (1) dismiss Plaintiffs' redhibition, negligence, gross negligence, failure to warn, and fraud claims;[2] and (2) stay this lawsuit pending arbitration. Plaintiffs move for a jury trial. The Court first addresses Vicinay's motions, then turns to Plaintiffs' motion.

### A. Vicinay's Motion to Dismiss

Vicinay moves to dismiss Plaintiffs' redhibition, negligence, gross negligence, failure to warn, and fraud claims pursuant to Federal Rule of Civil Procedure 12(b)(6), contending (1) Plaintiffs' redhibition claim is barred by the doctrine of judicial estoppel; and (2) Plaintiffs' negligence, gross negligence, failure to warn, and fraud claims (the "Non–LPLA Claims") are subsumed by the LPLA. Plaintiffs contend (1) judicial estoppel does not apply to their redhibition claim; and (2) their Non–LPLA claims are properly pleaded in the

alternative. The Court first addresses whether Plaintiffs' redhibition claim should be dismissed, then turns to the Non–LPLA Claims.

### 1. Redhibition

 Vicinay contends Plaintiffs are judicially estopped from pursuing their redhibition claim. Plaintiffs contend judicial estoppel does not apply. Judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Gabarick v. Laurin Mar. (Am.), Inc.*, 753 F.3d 550, 553 (5th Cir. 2014). A party is judicially estopped from asserting a legal position if (1) the party's position is "clearly inconsistent with its previous one"; and (2) the "party ... convinced the court to accept the previous position." *Id.*

 Vicinay had previously moved to stay this litigation pending arbitration based on an arbitration clause contained in the Purchase Order (the "First Motion to Stay").[3] Conceding Plaintiffs were not signatories to the Purchase Order, Vicinay contended Plaintiffs were nevertheless bound by its arbitration clause under the direct-benefits estoppel doctrine because Plaintiffs' original complaint was "[p]remised in [p]art" on the Purchase Order.[4] The Court ultimately denied Vicinay's First Motion to Stay, relying in part on Plaintiffs' representation that their claims were not based on the Purchase Order but were instead "grounded in improper weld-overs performed by Vicinay when the tether chain was being manufactured, and in Vicinay's failure to adhere to the no weld-over representations made directly to Petrobras

---

2. The only claim Vicinay does not move to dismiss is Plaintiffs' LPLA claim.

3. Vicinay's First Motion to Stay is separate from its pending motion to stay, which is Vicinay's second motion seeking a stay of this lawsuit pending arbitration.

4. *Defendant Vicinay Cadenas S.A.'s Motion to Stay Pending Arbitration under Section 3 of the FFA,* Document No. 12 at 4.

outside and independent of the [Purchase Order]."[5] Thus, Plaintiffs are judicially estopped from taking a position based on the Purchase Order because that position would be inconsistent with Plaintiffs' previous representations to this Court, which the Court relied on in denying Vicinay's First Motion to Stay.[6]

Plaintiffs' third amended complaint (the live complaint) now includes a redhibition claim. Vicinay contends Plaintiffs are estopped from pursuing the redhibition claim because it is based on the Purchase Order. Plaintiffs contend the redhibition claim is not based on the Purchase Order.

■ Under Louisiana redhibition law, a manufacturer's duties arise by law and do not require privity of contract. *See Aucoin v. S. Quality Homes, LLC*, 984 So.2d 685, 692–93 (La. 2008). Thus, the fact that a redhibition claim is pleaded does not in itself mean a plaintiff is relying on a written agreement. *See Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 474–75 (5th Cir. 2010).

Plaintiffs' allegations supporting its redhibition claim are three fold:

[1] The defects in the tether chain ... rendered the tether chain useless, or rendered its use so inconvenient that it must be presumed the buyer would not have purchased the chain had it known of the defects.

[2] Vicinay had reason to know the particular use Petrobras intended for the chain, Petrobras's particular use for buying the chain, and that Petrobras was relying on Vicinay's skill or judgment in selecting and/or manufacturing the tether chain. However, the chain was not fit for Petrobras's intended use or particular purpose.

[3] Vicinay knew that the tether chain, which it manufactured, had a defect, but omitted to declare it, and Vicinay declared that the tether chain had a quality that Vicinay knew it did not have.[7]

These allegations are not grounded in the Purchase Order but are based on pre-purchase representations and duties imposed on Vicinay—as the manufacturer of the tether chain—by the law of redhibition. Further, as this Court found in its February 4, 2013 Order, Plaintiffs had disclaimed any reliance on the Purchase Order[8] and Plaintiffs have again reaffirmed that position.[9] *See id.* (holding that a plaintiff is not required to base a redhibition claim against a manufacturer on a pur-

---

5. *Order Denying Vicinay's First Motion to Stay*, Document No. 25 at 19, 22. In the February 4, 2013 Order denying Vicinay's First Motion to Stay, the Court also granted Plaintiffs leave to file an amended complaint that withdrew an implied warranty cause of action that was included in Plaintiffs' original complaint. However, the Court's order did not rely on the fact that Plaintiffs were withdrawing their implied warranty claims in denying Vicinay's First Motion to Stay. Rather, the Court expressly found the original complaint's references to warranties were not grounded in the Purchase Order. *Order Denying Vicinay's First Motion to Stay*, Document No. 25 at 18–19 (quoting allegations from Plaintiffs' original complaint and finding "these claims are grounded not in the Purchase Order, but in representations made by Vicinay to Petrobras.").

6. Vicinay interprets Plaintiffs' representations to the Court that Plaintiffs' claims were not based on the Purchase Order as a "disavowal" of all contract and warranty claims. However, Plaintiffs' representations, quoted above, were narrower; Plaintiffs disavowed claims relying specifically on the Purchase Order.

7. *Third Amended Complaint*, Document No 233, ¶ 38, 39, 40.

8. *Order Denying Vicinay's First Motion to Stay*, Document No. 25 at 22.

9. *Plaintiffs' Surreply in Opposition to Defendant's Motions to Stay Arbitration under the FAA and Louisiana's Binding Arbitration Law and to Stay Discovery*, Document No. 277 at 2.

chase agreement "and can ... disclaim any reliance thereupon."). The Court therefore finds Plaintiffs' redhibition claim is not inconsistent with its previous disavowal of claims relying on the Purchase Order. The judicial estoppel doctrine therefore does not apply to Plaintiffs' redhibition claims. Accordingly, the Court denies Vicinay's motion to dismiss Plaintiffs' redhibition claim.

### 2. Negligence, Gross Negligence, Fraud, and Failure to Warn

■ Vicinay contends Plaintiffs' Non–LPLA Claims should be dismissed because they are displaced by the LPLA. Plaintiffs do not dispute that the LPLA displaces the Non–LPLA Claims [10] but contend dismissal is inappropriate at this stage because discovery is ongoing. However, in disposing of a Rule 12(b)(6) motion to dismiss, a court is only to consider the allegations in a plaintiff's complaint.[11] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Discovery is therefore of no consequence. Thus, accepting Plaintiffs' allegations as true, the Non–LPLA claims are subsumed by the LPLA. Accordingly, Vicinay's motion to dismiss Plaintiffs' Non–LPLA Claims is granted.[12]

### B. Vicinay's Motion to Stay Pending Arbitration

■ Vicinay moves for a second time to stay this lawsuit pending arbitration based on the arbitration clause in the Purchase Order.[13] As in Vicinay's First Motion

---

**10.** See *Haynesville Shale Rentals, LLC v. Total Equip. and Serv., Inc.*, Civil Action No. H-12-0860, 2012 WL 4867603, at *3 (S.D. Tex. Oct. 12, 2012) (Werlein, J.) ("Courts have consistently held the LPLA subsumes all possible causes of action, with the exception of a claim in redhibition." (quoting *Touro Infirmary v. Sizeler Architects*, 947 So.2d 740, 744 (La. App. 4th Cir. 2006))); *see also Jefferson v. Lead*, 930 F.Supp. 241, 245 (5th Cir. 1996).

**11.** Plaintiffs rely on *Certain Underwriters at Lloyd's London and Certain Insurance Companies v. Cameron Int'l Corp.* and *Becnel v. Mercedez-Benz USA, LLC* for the proposition that a Rule 12(b)(6) motion for dismissal of tort claims pleaded alternatively to an LPLA claim should be denied if discovery is ongoing. Both *Cameron* and *Becnel* declined to dismiss tort claims because the identity of the manufacturer of the products underlying the alternatively pleaded LPLA claim was disputed. *Certain Underwriters at Lloyd's London and Certain Ins. Cos. v. Cameron Int'l Corp.*, 4.14–CV-2105, 2015 WL 10987079, at *6 (S.D. Tex. Sept. 8, 2015) (Hoyt, J.); *Becnel v. Mercedez-Benz USA, LLC*, CIV.A. 13-0003, 2014 WL 1918468, at *8–9 (E.D. La. May 13, 2014) (Barbier, J.). Thus, the courts reasoned that if the defendant was found not to be a manufacturer, the tort claims would not be preempted. *Cameron*, 2015 WL 10987079, at *6; *Becnel*, 2014 WL 1918468, at *8–9. However,

here it is undisputed that Vicinay, the only defendant in this lawsuit, is the manufacturer of the tether chains. The Court therefore finds neither case applicable.

**12.** Vicinay also moves to dismiss—which the Court interprets as a motion to strike—Plaintiffs' request for punitive damages. Louisiana law does not permit punitive damages, except where expressly authorized by statute. *Albert v. Farm Bureau Ins. Co.*, 940 So.2d 620, 622 (La. 2006). The only remaining claims are Plaintiffs' redhibition and LPLA claims, and "neither the LPLA nor the Civil Code articles on redhibition permit recovery of punitive damages ...." *Cheeks v. Bayer Corp.*, No. Civ.A. 03-132, 2003 WL 1748460, at *1 (E.D. La. Mar. 28, 2003) (Fallon, J.). Accordingly, Plaintiffs' request for punitive damages is stricken.

**13.** Vicinay also contends arbitration is required based on an arbitration clause contained in the EPCI Agreement. It is undisputed that Vicinay was not a signatory to the EPCI Agreement. The existence of a written agreement containing an arbitration clause "is not enough to entitle [a] nonsignatory to enforce the clause." *QPro Inc. v. RTD Quality Servs. USA, Inc.*, 761 F.Supp.2d 492, 499 (S.D. Tex. 2011) (Rosenthal, J.) (citing *Hill v. GE Power Sys.*, 282 F.3d 343, 348 (5th Cir.

to Stay, Vicinay does not dispute that Plaintiffs were not signatories to the Purchase Order but contends they are bound to the Purchase Order based on the direct-benefits estoppel doctrine.

"[A]rbitration agreements apply to nonsignatories only in 'rare circumstances." *Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517 (5th Cir. 2006) (quoting *Bridas S.A.P.I.C. v. Gov't of Turkmenistan.*, 345 F.3d 347, 358 (5th Cir. 2003)) (internal quotation marks omitted). Direct-benefits estoppel is one theory by which non-signatories may be bound to arbitrate. *Id.* at 517–18. Direct-benefits estoppel applies to "non-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status but then, during litigation, attempt to repudiate the arbitration clause in the contract." *Id.* (quoting *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 200 (3d Cir. 2001)) (internal quotation marks omitted). "A non-signatory can 'embrace' a contract containing an arbitration clause in two ways; (1) by knowingly seeking and obtaining 'direct benefits' from that contract; or (2) by seeking to enforce the terms of that contract or asserting claims that must be determined by reference to that contract." *Noble*, 620 F.3d at 473.

Vicinay does not contend Plaintiffs knowingly seek or have obtained direct benefits under the Purchase Order. Rather, Vicinay contends the direct-benefits estoppel doctrine binds Plaintiffs to the Purchase Order's arbitration clause because Plaintiffs' redhibition claim cannot be determined without reference to the Purchase Order. However, as discused *supra* Part II.A.1., Plaintiffs' redhibition claim is not based on the Purchase Order. The allegations supporting the redhibition claim arise from pre-purchase representations and duties imposed on Vicinay by the law of redhibition. In other words, Plaintiffs' redhibition claim can be determined without referencing the Purchase Order. The direct-benefits estoppel doctrine does not therefore apply. Accordingly, Vicinay's motion to stay pending arbitration is denied.[14]

## C. Plaintiffs' Motion for Jury Trial

Plaintiffs move for a jury trial, contending (1) Plaintiffs have a right to a jury trial; and, alternatively, (2) the Court should use its discretion to order a jury trial. Vicinay contends (1) Plaintiffs' jury demand was not timely; and (2) the Court should not otherwise order a discretionary jury trial. The Court addresses each contention in turn.

2002)). "Instead … the signatory's claim must rely on the *terms* of the written agreement before the nonsignatory may enforce an arbitration clause." *Id.* (internal quotations omitted). Thus, for Vicinay, as a non-signatory, to enforce the EPCI Agreement against Plaintiffs, it must show that the redhibition claim *relies on the terms* of the EPCI Agreement. *See id.* Vicinay fails to point out how Plaintiffs' redhibition claim relies on any specific terms of the EPCI Agreement, and the Court finds that, as pleaded, the redhibition claim does not. Accordingly, Vicinay may not rely on the EPCI Agreement in seeking to stay this case pending arbitration.

14. The Court notes that Vicinay's most recent motion to stay is based solely on Vicinay's contention that Plaintiffs' redhibition claim relies on the Purchase Order. However, as discussed, *supra* Part II.A.1., Vicinay contends, and the Court agrees, that based on Plaintiffs' previous representations to the Court, Plaintiffs are estopped from pursuing any claim that relies on the Purchase Order. Thus, even if the redhibition claim *was* based on the Purchase Order, Vicinay's motion to stay would still be denied as moot because Plaintiffs would be estopped from pursuing the redhibition claim and the claim would be dismissed.

### 1. Plaintiffs' Rule 38 Jury Demand

 Plaintiffs' third amended complaint includes, for the first time, a jury demand. Vicinay contends the jury demand is untimely. Federal Rule of Civil Procedure 38(b) entitles a party to a jury trial on any issue "triable of right" by a jury, if a demand is served "no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b). An amended complaint that raises new issues enables a party to request a jury trial for those issues pursuant to Rule 38(b). *Fredieu v. Rowan Cos., Inc.*, 738 F.2d 651, 653 (5th Cir. 1984). However, the new issues on which a jury demand may be made "must relate to new issues of fact and not to new theories of recovery." *Id.*

 Plaintiffs' original, first amended, and second amended complaints pleaded OCSLA as an alternate ground for the Court's subject matter jurisdiction over its claims. For the first time, Plaintiffs' third amended complaint asserts that, pursuant to OCSLA, Louisiana law—which includes a right to a jury trial—applies to this case. Plaintiffs concede that the third amended complaint does not change the operative facts of this case,[15] but Plaintiffs contend that the application of Louisiana law is a "new issue" sufficient to revive the right to a jury trial under Rule 38(b). However, the application of Louisiana law merely raises a new theory of recovery, and because the third amended complaint does not otherwise raise new fact issues, it does not revive Plaintiffs' right to a jury trial.[16] Accordingly, the Court finds Plaintiffs' jury demand is untimely and does not comply with Rule 38(b).[17]

### 2. Plaintiffs' Rule 39 Jury Request

 Plaintiffs also request that the Court, pursuant to its discretion, order a jury trial pursuant to Federal Rule of Civil Procedure 39. Vicinay contends Plaintiffs' Rule 39 request is unjustified based on the record. Even when a party waives the right to a jury trial by failing to comply with Rule 38, Rule 39 grants the court the discretion to order a jury trial upon motion by a party. *See* FED. R. CIV. P. 39. When a party moves for a jury trial pursuant to Rule 39, "the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). In determining whether to exercise its discretion under Rule 39, a court should consider: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5)

---

**15.** *Amended Motion for Leave to Amend Complaint by Certain Underwriters at Lloyd's London and Insurance Companies Subscribing to Policy No. B0567/JM 12318,* Document No. 101 at 2 ("Nothing in the proposed Third Amended Complaint changes the operative facts of this case . . . .").

**16.** In arguing otherwise, Plaintiffs rely heavily on *Texaco Exploration & Production, Inc. v. AmClyde Engineered Products, Co.* 448 F.3d 760 (5th Cir. 2006). However, the Court does not find *AmClyde* applicable as it did not address the timeliness of a jury demand. *Id.* at 771–76.

**17.** Vicinay attaches what it labels an "internal document"—allegedly from Petrobras's parent company's legal department and produced inadvertently—to Vicinay's response to Plaintiffs' motion for a jury trial as evidence that Plaintiffs' pleading of maritime law in the original, first amended, and second amended complaints was a part of Plaintiffs' trial strategy. *See Defendant Vicinay Cadenas, S.A.'s Response to Plaintiffs' Motion for a Jury Trial,* Document No. 245 at 4. Plaintiffs' internal trial strategy, however, has no bearing on the Court's determination that Plaintiffs' jury demand was untimely.

the reason for the movant's tardiness in requesting a jury trial. *Id.*

First, the Court finds the factual issues involved in this case are best tried to the jury. Second, in light of the amended scheduling order already in place, trying this case to a jury would not disrupt the Court's schedule. Third, allowing Plaintiffs' lawsuit to be tried to a jury would not prejudice Vicinay. Aside from general allegations that "[t]rying the case to the jury will almost certainly increase the time and expense required to try the case," Vicinay does not contend that a jury trial will cause it unfair prejudice.[18] Vicinay has been on notice of Plaintiffs' jury demand since October 2014, when Plaintiffs sought leave to file a third amended complaint that included a jury demand. As for the final two factors, any delay of Plaintiffs in asserting a right to a jury was based on the fact that, until the third amended complaint was filed, maritime law—which does not grant a right to a jury trial—governed this case. Further, regardless of the delay, Vicinay had notice of Plaintiffs' jury demand over two years before the case was scheduled to go to trial. The Court therefore finds a jury trial appropriate in this case pursuant to Rule 39. Accordingly, Plaintiffs' motion for jury trial is granted.

## III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant Vicinay Cadenas S.A.'s Motion to Dismiss Certain Causes of Action in Third Amended Complaint (Document No. 240) is **GRANTED IN PART** and **DENIED IN PART.** The motion is granted as to Plaintiffs' negligence, gross negligence, fraud, and failure to warn claims. The motion is denied as to Plaintiffs' redhibition claims. The Court further

**ORDERS** that Defendant Vicinay Cadenas S.A.'s Motion to Stay Pending Arbitration under the FAA and Louisiana Binding Arbitration Law (Document No. 270) is **DENIED.**[19] The Court further

**ORDERS** that Plaintiff's Motion for Jury Trial (Document No. 239) is **GRANTED.**

---

18. *Defendant Vicinay Cadenas, S.A.'s Response to Plaintiffs' Motion for a Jury Trial,* Document No. 245 at 15–16.

19. Defendant Vicinay Caenas S.A.'s Motion for a Stay of Discovery Pending Resolution of its Motion to Stay Pending Arbitration (Document No. 271) hinges on the Court's resolution of Vicinay's most recent motion to stay pending arbitration in Vicinay's favor. The Court has denied Vicinay's motion to stay pending arbitration and accordingly likewise denies Vicinay's motion to stay discovery.